**United States District Court**
**District of Massachusetts**

|  |  |
|---|---|
| Certain Underwriters at Lloyd's, London, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. ) 21-10848-NMG |
| R&B Investments, LLC et al., | ) ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM & ORDER**

GORTON, J.

This case arises out of an insurance dispute concerning the coverage obligations, if any, owed by Certain Underwriters at Lloyd's, London ("Underwriters" or "plaintiffs") to R&B Investments, LLC ("R&B"), Trinity Green Investments, LLC ("Trinity"), and/or the principals of those companies, Timothy Russell ("Russell") and Thomas Broderick ("Broderick"). In May, 2021, Underwriters, seeking declaratory judgment limiting those obligations, filed suit in this Court based on diversity jurisdiction.

Since that initial filing, however, Underwriters have discovered that one of their number is based in Massachusetts, thereby eliminating diversity. Pending before this Court is

Underwriters' motion to amend their complaint to substitute Brit UW, Ltd. ("Brit UW") as plaintiff in its individual capacity to preserve this Court's jurisdiction over the action.  The motion is opposed as futile.

## I.  **Background**

Underwriters are insurance syndicates consisting of members of Lloyd's of London ("Lloyd's") that subscribe to the relevant insurance policy.  Lloyd's is not itself an insurer on the policy or a party to this action.  Instead, Lloyd's is a marketplace in which member individuals and corporations, called "Names," invest in a percentage of a policy and form subgroups, called "syndicates."  The syndicates themselves have no legal identity and, while hundreds of Names may subscribe to a policy, "the liability of each Name on any given policy, while unlimited, is several and not joint." E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co., 160 F.3d 925, 929 (2d Cir. 1998). Here, as is typically the case at Lloyd's, however, the underlying policy provides that "in any suit instituted against any one of them upon this contract, Underwriters will abide by the final decision of such Court."

The policy at issue here pertains to certain commercial general liability insurance coverage provided by Underwriters to R&B, a Massachusetts limited liability company with a principal

place of business in Milton, Massachusetts.  The coverage period was between November, 2014 and October, 2016.  During that period, R&B constructed a condominium project at 488 Dorchester Street in South Boston ("the Project") and retained Trinity as the Project's general contractor.

Trinity is also a limited liability company with a principal place of business in Milton, Massachusetts.  According to the complaint, Russell and Broderick are the principals of R&B, the managers of Trinity and residents of Massachusetts. Construction on the Project was completed in 2016 and control of the 33 residential units of the Project passed to unit purchasers in 2017.  The Board of Trustees of the 488 DOT Condominium Trust ("the Board") (collectively, with R&B, Trinity, Russell and Broderick, "defendants") is an organization of those unit owners.

In September, 2020, the Board initiated legal action in Massachusetts Superior Court for Suffolk County against R&B, Russell and Broderick, based upon alleged construction and design defects related to the Project.  The Board subsequently amended the complaint to add Trinity as a defendant.

Underwriters, who are providing a defense to R&B in the state action under a reservation of rights, initiated this suit seeking declaratory judgment that the insurance coverage they

provided to R&B does not require them to continue defending or indemnifying R&B or its principals in the ongoing state action. Underwriters also seek a declaration that they have no duty to defend or indemnify Trinity.

The party that Underwriters now seek to substitute as plaintiff, Brit UW, is the sole corporate member of the lead syndicate to the relevant policy.  Brit UW is incorporated under the laws of England and Wales and has its principal place of business in England.

## II.   Motion to Amend

### A. Legal Standard

A party may amend its pleading by leave of court, which should be "freely give[n]...when justice so requires". Fed. R. Civ. P. 15(a)(2); Holbrook v. Boston Scientific Corp., No. 20-10671, 2020 WL 5540544, at *1 (D. Mass. Sept. 16, 2020).  Rule 15(a) gives courts broad discretion in deciding whether to allow or deny leave to amend. U.S. ex rel. Ge v. Takeda Pharm. Co., 737 F.3d 116, 127 (1st Cir. 2013).  A court acts within that discretion if it denies leave for reasons of, inter alia, undue delay, repeated failure to cure deficiencies, undue prejudice to the opposing party or futility of amendment. U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009).  The standard for allowing amendments under Fed. R. Civ. P. 15(a) has

often been described as "liberal," O'Connell v. Hyatt Hotels, 357 F.3d 152, 154 (1st Cir. 2004), and a reviewing court "must consider the totality of the circumstances" in making the determination. Nikitine v. Wilmington Tr. Co., 715 F.3d 388, 390 (1st Cir. 2013).

Futility can be established if the complaint, as amended, fails to allege subject matter jurisdiction and is therefore susceptible to dismissal pursuant to Fed. R. Civ. P. 12(b)(1). D'Agostino v. ev3, Inc., 845 F.3d 1, 6 n.3 (1st Cir. 2016).  The burden of establishing subject matter jurisdiction rests with the party claiming such jurisdiction. Massachusetts Sch. of L. at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 33 (1st Cir. 1998).  In a diversity action such as this one, subject matter jurisdiction "typically turns on two facts——diversity of citizenship and amount in controversy." Hernandez-Santiago v. Ecolab, Inc., 397 F.3d 30, 33 (1st Cir. 2005); see 28 U.S.C. § 1332(a).

There is no contention that the insurance claims of the defendants fail to satisfy the amount in controversy.  The focus is instead on the diversity requirement.

Diversity of citizenship is satisfied "only when there is complete diversity, that is, when no plaintiff is a citizen of the same state as any defendant." Gabriel v. Preble, 396 F.3d

10, 13 (1st Cir. 2005) (emphasis original).  Citizenship for
corporations is determined by place of incorporation and
principal place of business.  Harrison v. Granite Bay Care, Inc.,
811 F.3d 36, 40 (1st Cir. 2016).  If a party in federal court
constitutes an "artificial entity" other than a corporation,
however, the general rule is that "diversity jurisdiction in a
suit by or against the entity depends on the citizenship of all
the members."  Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990)
(quotation omitted).  When reviewing the citizenship of parties,
courts look to "the real parties in interest to determine whose
citizenship will be considered for the purposes of diversity" as
opposed to "formal or nominal parties".  Bath Iron Works Corp. v.
Certain Member Companies of Inst. of London Underwriters, 870 F.
Supp. 3, 5 (D. Me. 1994) (Carter, J.).

### B. Application

Plaintiffs seek to amend their complaint to preserve the
complete diversity required for this Court to exercise subject
matter jurisdiction.  They effectively concede that this Court
lacks jurisdiction over the complaint as originally filed
because at least one of the Underwriters is a Massachusetts
resident and defendants are themselves Massachusetts' citizens.
Plaintiffs therefore seek to substitute Brit UW, one of the
other Underwriters, as the plaintiff in its individual capacity.

According to defendants, the effort to substitute Brit UW
as the plaintiff should be denied as futile because it fails to
establish complete diversity and, consequently, does not resolve
the initial lack of subject matter jurisdiction.  Defendants
argue that any litigation concerning an insurance policy
executed through Lloyd's must consider the citizenship of each
involved underwriter, regardless of the named parties to the
litigation.  In effect, defendants contend that the Underwriters
constitute an unincorporated association and, thus, diversity
jurisdiction exists only if there is complete diversity between
each of the underwriters and the insured.  Because one of the
underwriters to the relevant policy shares Massachusetts
citizenship with the defendants, they assert that this Court
would have no jurisdiction over the amended complaint.

Most of the case law relied upon by both parties is at
least facially distinguishable from the instant circumstances
because plaintiffs seek to substitute Brit UW in its individual,
rather than representative, capacity.  Although the First
cCircuit Court of Appeals has not directly addressed the issue,
most appellate courts have determined that all underwriters
subscribing to an insurance policy executed through the Lloyd's
marketplace must be diverse from the opposing party for a
federal court to have diversity jurisdiction if a single
underwriter is representing the group. Indiana Gas Co. v. Home

Ins. Co., 141 F.3d 314 (7th Cir. 1998) (holding that every Name must meet the complete diversity rule); Underwriters at Lloyd's, London v. Osting-Schwinn, 613 F.3d 1079, 1086-1088 (11th Cir. 2010) (same). But see Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 864 (5th Cir. 2003). That approach has also been adopted by another district court in this circuit, see Bath Iron Works Corp., 870 F. Supp. at 6, and this Court is in accordance with that majority view. See generally 13F Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 3630.1 (3d ed.).

To reach a different conclusion based on Brit UW pursing the action in its individual capacity would be, however, unreasonable and unnecessarily formalistic in light of the Underwriters' explicit concession that each Name will be bound by the outcome. Plaintiffs make no attempt to argue that Brit UW alone is the real party in interest to the litigation and the Court can perceive no reasoning that would be convincing on that point where the relief sought is declaratory judgment limiting the collective coverage of all Underwriters in the ongoing state action. See Humm v. Lombard World Trade, Inc., 916 F. Supp. 291, 298 (S.D.N.Y. 1996) ("[T]he Names are the real parties in interest because they are severally liable for the syndicates' risk under the Policy."). As such, the Underwriters are, as a group, the real parties in interest, for whose benefit the

litigation has been brought, and it is necessary to consider the citizenship of each in assessing diversity jurisdiction. <u>See</u> <u>Bath Iron Works</u>, 870 F. Supp. at 6 ("[I]t would be absurd to conclude that the Names are merely nominal or formal parties in this litigation.").

Because one of the Underwriters is a citizen of the same state as the defendants, the requirement of complete diversity would not be met even if the complaint were amended as proposed. For that reason, the amendment would be futile because it does not cure the original jurisdictional defect.

**ORDER**

For the foregoing reasons, plaintiffs' motion to amend (Docket No. 26) is **DENIED**.

**So ordered.**

<u>/s/ Nathaniel M. Gorton</u>
Nathaniel M. Gorton
United States District Judge

Dated August 10, 2022